IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARISTA RECORDS LLC, et al., | § | |
| | § | |
| Plaintiffs, | § | CIVIL NO. 3:08-CV-855-O |
| | § | |
| v. | § | |
| | § | |
| NIEVES SALAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Default Judgment (Pls.' Mot.) (Doc. No. 11) filed July 31, 2008. Having reviewed this motion and the applicable law, the Court finds that Plaintiffs' Motion for Default Judgment should be and is hereby **GRANTED**.

### I.    Factual and Procedural Background

This is a copyright infringement case. Plaintiffs are members of the music recording industry and are copyright owners or licensees of exclusive rights under United States law with respect to certain copyrighted audio recordings. Doc. No. 1, Pls' Comp. at 2. Defendant is alleged to have belonged to a file copying network know as a "peer-to-peer" (P2P). P2P networks are a type of online media distribution system that enables internet users to search for and download copies of media files. *Id*. at 3. Computer users belonging to P2P networks can download copies of files on to their computer, and then distribute these copies to other users via the internet. *Id.* The Defendant is alleged to be a user of a P2P network known as Limewire. *Id.* P2P users can be identified by their Internet Protocol ("IP") address, as each computer that connects to a P2P over the internet has a unique IP address that makes possible the delivering of

1

files from one computer to another. *Id*. Two computers are not capable of using the internet and a P2P network if they have the same IP address. *Id.* The Defendant's IP address was allegedly identified by Plaintiffs on July 4, 2007, at 20:24:08 EDT distributing 2229 audio files through the Limewire P2P. Plaintiffs contend that Defendant used, without the permission or consent of Plaintiffs, the Limewire P2P network to download and distribute to the public copyrighted audio recordings. Pursuant to 17 U.S.C § 401, Plaintiffs had placed proper notice of copyright on each respective album cover of each of the sound recordings, and these notices were available on published copies of the sound recordings that were widely available to the Defendant. *Id*. at 4.

On May 20, 2008, Plaintiffs filed this lawsuit claiming Defendant violated Plaintiffs' exclusive rights of reproduction and distribution under their copyright. *See* Doc. No. 1. The Court issued a summons on the same date. *See* Doc. No. 2. On June 30, 2008, Plaintiffs filed proof of service, which shows Defendant was served with a copy of the summons and complaint on June 21, 2008. *See* Doc. No. 9. Defendant did not file an answer or other responsive pleading within twenty (20) days of June 21, 2008, the date of service was required by FED. R. CIV. P. 12(a)(1)(A)(i). Plaintiffs moved for clerk's entry of default on July 31, 2008, and the clerk granted this request on August, 1, 2008, finding that Defendant had failed to plead or otherwise defend in this action as directed in the summons and as provided in the Federal Rules of Civil Procedure. *See* Doc. Nos. 10, 12. Plaintiffs seek default judgment granting damages and injunctive relief as pleaded in their complaint. Defendant did not file any response to Plaintiffs' motion for default judgment. The issue is now ripe for consideration.

## II. Discussion

The Clerk has found Defendant in default, and the Court now considers whether entry of a default judgment should follow. The Fifth Circuit has held that "default judgments are a drastic remedy not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Even if a defendant is technically in default, "[a] party is not entitled to a default judgment as a matter of right." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, a default judgment is committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). The exercise of discretion in deciding the matter is given deference upon any review. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

The Fifth Circuit looks to the following six factors when considering whether to grant a default judgment: (1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the harshness of a default: (4) if there are material issues of fact; (5) if grounds for a default judgment are clearly established; and (6) if the court would think it was obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (holding that a district court did not commit an abuse of discretion when denying a motion for default judgment when the factors on balance weighed against granting the motion).

As of the date of this order, Defendant has not offered any evidence that its failure to appear is the product of "a good faith mistake or excuse." *Lindsey,* 161 F.3d at 893. Defendant has ignored the complaint by failing to respond. By failing to respond to the complaint, the

Defendant is incapable of placing any material issues of fact into dispute. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant by his default, admits the plaintiff's well pleaded allegations of fact"). Thus, the Court is of the opinion that the procedural prerequisites to entering default judgment are satisfied.

In awarding damages, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Therefore, the relief prayed for in a complaint limits the relief available on default judgment. In their motion, Plaintiffs request the Court enter judgment awarding minimum statutory damages for each of the seven (7) infringements alleged in the complaint, for a total of $5,250.00; costs of court in the amount of $420.00; and a permanent injunction. Pls.' Mot. at 3.

Under section 504 of the Copyright Act, an infringer is liable for statutory damages. 17 U.S.C. § 504(a)(2). A copyright owner "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. §504(c)(1). Additionally, Section 505 of the Copyright Act authorizes the courts to award costs. 17 U.S.C. § 505.

As copyright holders, Plaintiffs may also obtain a permanent injunction to prevent or restrain infringement. 17 U.S.C § 502(a) (2000). To obtain a permanent injunction, a plaintiff must (1) succeed on the merits; (2) have no adequate remedy at law; (3) show that the threatened injury outweighs any damage to the defendant; and (4) demonstrate that the injunction will not disserve public interest. *Picker Int'l v. Blanton,* 756 F. Supp. 971, 978 (N.D. Tex. 1990). Courts have acknowledged that a default against defendant is tantamount to actual success on the

merits. *Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 785 (E.D. Tex. 2006).

The Court finds that the requested statutory damages are appropriate, given the amount requested is the statutory minimum. Second, the Court finds Plaintiffs should be awarded full costs of court pursuant to 17 U.S.C. § 505. Third, the Court finds that the Plaintiffs' request for permanent injunction is deserved as the Defendant's default constitutes success on the merits, and the burden on the Defendant to restrain from future infringement is light and does not disserve public interest. Therefore, the Court is of the opinion that Plaintiffs' requests are reasonable and should be, and are hereby, granted.

### III.  Conclusion

Based on the foregoing analysis of facts and legal principles, the Court concludes that the Plaintiffs' Motion for Default Judgment should be **GRANTED.** Accordingly, the Court will enter a default judgment consistent with its findings herein.

**SO ORDERED** on this **5th th** day of **February, 2009.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**